DOUGALL, Respondent v. SATEREN et al., Appellants

(203 N.W.2d 789)

(File No. 11037. Opinion filed January 23, 1973)

**Clyde R. Calhoon**, Brookings, for defendants and appellants.

**R. A. Smiley**, Belle Fourche, for plaintiff and respondent.

WINANS, Justice.

This is an action both to obtain a tax deed to land in Harding County, South Dakota, and to quiet the title to said land in the name of the plaintiff owner and holder of the tax sale certificate. The record shows the land was legally assessed for taxes for the year 1962, and sold by the Treasurer for nonpayment at a regular sale of lands and lots for delinquent taxes for the year 1962, held at the office of the County Treasurer on December 16, 1963. There being no other bidders, it was struck off in the name of the county. The tax sale certificate No. 27, covering said land, was on December 26, 1963, sold to the plaintiff who paid all subsequent taxes due on said land for the years 1963 to 1970, both years inclusive, which payments were made subsequent to tax sale certificate No. 27.

The plaintiff commenced his action in the Circuit Court in and for Harding County by summons and complaint, dated and filed December 12, 1969, filing a lis pendens on the same date in the office of the Register of Deeds. The plaintiff thereafter filed an amended summons dated September 10, 1970, and an amended complaint.

The defendants, Paul Rosholt and Phillip Hendrickson are among the numerous heirs of Joseph A. Sateren who died intestate on April 16, 1936, owner of the land involved. By admissions of service it appears the defendant Paul Rosholt was served with summons and complaint on December 9, 1970, and defendant Phillip Hendrickson on November 12, 1970.

By an amended answer and counterclaim the only answering defendants, Hendrickson and Rosholt, deny the validity of tax sale certificate No. 27, and claim under SDCL 10-25-16, 18 and 19, such certificate is void, and any action thereon is forever barred, and that since plaintiff's only claim is based on certificate No. 27, plaintiff no longer has any claim to or lien upon said property.

The circuit court held that this action "is brought under the provisions of SDCL 1967, Ch. 21-42, which chapter provides for the taking of tax deeds and quieting title in one proceedings, and no time limit for the completion of said action is set forth in said chapter. That the limitation of Six (6) months provided for in SDCL 1967, Ch. 10-25-18 has no application in this action, and there is no limitation on the legislative authority to provide separate and distinct procedures to foreclose interests prior to tax sales certificates." Its judgment ordered the Treasurer of Harding County to issue the tax deed to plaintiff, and quieted the title to said land in plaintiff.

The two answering defendants appeal to this court from said judgment. Condensing the question for decision to its simplest terms, we are asked to decide whether the limitation of time referred to in SDCL 1967, Ch. 10-25 is applicable to an action to foreclose tax sale certificates and quiet title under SDCL 1967, Ch. 21-42, where no limitation of time is specifically provided for in the latter chapter.

The question may be simple but its resolution is not. We are unable to find precedential authority and we have been cited to none.

In the case of People v. Town of Corte Madera before the District Court of Appeals, California, 97 Cal.App.2d 726, 218 P.2d 810, it is stated:

"In attempting to reach the true meaning of a given piece of legislation courts are permitted to compare it with other legislation dealing with the same subject, or which, in other words, is in pari materia.

'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed'. 23 Cal.Jur. 778."

To the same effect is Richfield Oil Corporation et al. v. Crawford et al., 1952, 39 Cal.2d 729, 249 P.2d 600.

82 C.J.S. Statutes § 366 b. Limitations of Rule of Pari Materia, p. 813, states:

"The general rule that the meaning of a statute may be determined from its construction in connection with other statutes in pari materia is not one of universal application, but is resorted to only in search of legislative intent; and the rule cannot be invoked where the language of a statute is clear and unambiguous."

However, in the same treatise at the same page under the heading, "Provisions omitted from one act", we find:

"Where two acts in pari materia are construed together, and one contains provisions omitted from the other, the omitted provisions will be applied in the proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act. It has been held, however, that, where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed."

Cases cited under footnote 92 for the proposition that the omitted provisions will be applied cite the South Dakota case of State v. Batterman, 1961, 79 S.D. 191, 110 N.W.2d 139 as authority.

In Batterman the court was concerned with Ch. 42, Laws 1949, codified as SDC 1960 Supp. 44.0302-1. This is an act relating to driving of any motor vehicle by an intoxicated person,

and created a presumption of intoxication or nonintoxication by the alcoholic content of defendant's blood, urine, breath, or other bodily substance. The court was also concerned with Ch. 246, Laws 1953, codified as 1960 Supp. 44.9922, which, in short, prohibited the driving of motor vehicles while under the influence of intoxicating liquor and provided specific penalties, and was the charge made against the defendant. The court in Batterman stated its problem in the following words:

> "Whether the presumptions for which provision is made in the quoted presumption statute also obtain in prosecutions under the alcoholic liquor statute turns on the intention of the legislature."

They solved the problem by holding:

> "These acts deal with the same subject matter, viz., driving a motor vehicle while under the influence of intoxicating liquor."

and concluded their opinion by holding:

> "The presumption statute, it is true, by its wording purports to limit the rules of evidence therein prescribed to prosecutions under its first section. However, in 1953 by the alcoholic liquor statute the legislature again declared the identical conduct therein proscribed to be criminal and punishable. To hold it did not intend the same rules of evidence to obtain in a prosecution under the 1953 law would, we think, not only be unreasonable but it would involve such an absurdity as cannot be justified by a literal reading of the presumption statute. Elfring v. Paterson, 66 S.D. 458, 285 N.W.443."

In the case of In Re Schneider's Estate, 72 S.D. 174, 31 N.W.2d 261, this court refused to hold that two certain acts, one dealing with the filing of a lien against the property of persons furnished with Old Age Assistance was in pari materia with SDC 51.1716 which provided that upon the death of either the husband or wife the survivor may continue to possess and occupy the whole homestead. The court held:

"The object of the rule of pari materia is to ascertain and carry into effect the intention of the legislature. It proceeds upon the supposition that the several statutes were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. 50 Am.Jur., Statutes, § 348. This present act was not passed in furtherance of the homestead exemption laws of this state or in furtherance of the policy contained in SDC 51.1716. The present act instead of creating an exemption purports to create a lien upon property and is in derogation of SDC 51.1716, and the homestead laws generally. We cannot determine that the two acts are governed by one spirit and policy."

The legislature has enacted two procedures to foreclose interests in real estate existing prior to the issuance of tax sales certificates.

The earliest and for many years the only method for securing a tax deed for nonpayment of taxes was in the nature of an administrative proceeding conducted either by an attorney and the county treasurer, or in many cases by the county treasurer without the aid of an attorney. This early act has been amended from time to time and is now SDCL 10-25. This early statute provided that the proceeding must be commenced within six years from the date of the tax sale certificate on which such proceedings are based without any limitation on the time within which the deed could be taken. In 1921, Ch. 130 of Session Laws amended Sec. 6806 of the 1919 South Dakota Revised Code, to require that the proceedings to procure a tax deed had to be completed within six months beyond the expiration of the periods of limitation, which requirement has been included therein continuously since.

In 1941 the legislature enacted a new section, being Ch. 161 of the 1941 Session Laws, now SDCL 21-42, entitled, "Actions to Quiet Tax Title". This act provided for combining the taking of a tax deed and an action to quiet the tax title. The statute provided for legal proceedings which would be "In addition to and not in lieu of the method otherwise provided by the statutes of this state

for the taking of tax deeds * * *." It also provided that the action shall be brought in the circuit court of the county "within which such real property is situated, which said action shall be brought as an action in equity, and except as herein provided, shall be prosecuted the same as in other civil actions." SDCL 21-42-1. SDCL 21-42-2 provides that "Said action may be commenced at any time after the expiration of four years from the date of the tax certificate * * *." In the original act of 1941 and its amendments and in the present statute SDCL 21-42, there is no limitation of time when the proceedings must be completed. However, if no proceedings of any kind are commenced the six-year limitation statute would automatically cancel the certificate in any event at the end of six years as provided in SDCL 10-25. In our case the action was commenced within the six-year period of limitation by the filing of the summons and complaint and notice of the same was given by the filing of the lis pendens. SDCL 21-42-11 provides for the appearance of any defendant within the time provided by law in civil actions and 21-42-12 provides that the action be tried in the circuit court of the county in which the premises are situated.

It is our opinion that where the action has been brought on the tax sales certificate before the expiration of the six years, the time for completion as provided in SDCL 10-25-18 does not apply to the action brought under SDCL 21-42. It is clear, we think, that due to many factors in quieting title, and especially where there are numerous defendants as in this case, it is often impossible to bring an action on for trial within six months of the time the summons and complaint are filed. The time required for securing services could easily exceed six months, as it did in this case. We hold that the legislature must have intended not to provide for a specific time limitation for the completion of the tax deed proceedings and the quiet title action had under SDCL 21-42.

Judgment affirmed.

All the Justices concur.

BIEGELMEIER, Presiding Justice (concurring).

The question involved is puzzling as to the relationship of the two chapters, SDCL 10-25 and SDCL 21-42, which have some disharmonious sections. I agree with the conclusion succinctly set out in the last paragraph of the opinion that when an action is commenced within the six-year period and it is difficult or impossible to complete the tax deed proceeding to obtain an order directing the county treasurer to issue a tax deed within the six-month's limitation, it was not intended to bar the trial court from entering the judgment it did here.

Candor compels me to add that it is undisputed the total of the taxes originally levied was $59.90, and by payment of that amount with a minor interest addition defendants could have redeemed the land from the tax sale (as they were entitled to do, SDCL 21-42-10 and 10-25-9) prior to the entry of the judgment directing issuance of the tax deed. Rather than avail themselves of this right, they have chosen to litigate a question of law, as they were privileged to do, at a greater expense in time and money and with an unsuccessful result—the loss of the land.